Behrooz Sarafraz
2 Mariposa Court
Tiburon, CA 94920
Telephone: 415.518.5090

Defendant in *Propria Persona*

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRI-VALLEY CORPORATION, et al., and TVC OPUS I DRILLING PROGRAM L.P., Debtors. | Chapter 7<br>Case No. 12-12291 (MFW)<br>(Jointly Administered)<br><br>Chapter 7<br>Case No. 12-12294 (MFW) |
| Chapter 7<br>Case No. 12-12294 (MFW) | |
| CHARLES A. STANZIALE, JR., as Chapter 7 Trustee of Tri-Valley Corporation, and JEOFFREY L. BURTCH, as Chapter 7 Trustee for the Estate of TVC OPUS I DRILLING PROGRAM | Adv. Pro. No. 14-50403<br><br>MOTION FOR CHANGE OF VENUE |

1
2      TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:

3      PLEASE TAKE NOTICE THAT Defendant Behrooz Sarafraz herewith moves this
4 Court for an Order for Change of Venue of this matter to the United States Bankruptcy
5 Court for the Northern District of California, San Francisco Division.

6      This motion is made pursuant to 28 U.S.C. § 1412 and upon the grounds that a
7 court may transfer venue of a case properly before it "in the interest of justice or for the
8 convenience of the parties", that United States Bankruptcy Court in and for the District
9 of Delaware is not a convenient forum, all of the events took place in California, most of
10 the witnesses are in California, the physical evidence is in California, the convenience
11 of the human parties requires a transfer and the health of the defendant requires that
12 this matter be transferred to a court in California.

13      This motion is based upon this notice, the memorandum of points and authorities
14 and any declarations attached hereto, the papers, documents and records on file
15 herein, any supplemental declarations or potential evidence provided later and on such
16 oral and documentary evidence as may be presented at any hearing scheduled by the
17 Court.

18 Dated:   5 September 2014

19

20                          Behrooz Sarafraz

21

22                         *[signature]*
                           Defendant in Propria Persona

23
24
25
26
27

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR CHANGE OF VENUE

I. PRELIMINARY STATEMENT

The complaint in this matter alleges wrongful conduct on the part of Defendant which took place in California. There is no valid reason for this case to be litigated in or anywhere near the State of Delaware. The complaint contains no allegation that Defendant did anything in or near the State of Delaware. The proper venue for this case and the proper court for this case is the Federal Bankruptcy Court in Northern California. Defendant reserves the right to supplement this Motion with further information as such becomes available.

II. FACTUAL BACKGROUND

The complaint alleges that Defendant is a resident of Tiburon, California. See, complaint, paragraph 5. Debtor Tri-Valley Corporation (hereinafter "Tri-Valley") engaged in the business of locating and developing hydrocarbon resources in the State of California and in 2002 Tri-Valley established Debtor TVC OPUS I DRILILNG PROGRAM, L.P. (hereinafter "Opus I") to explore and drill for oil in California. See, complaint, paragraphs 5 and 8. Both companies were located in Bakersfield, Kern County, California. There were in excess of 100 employees all of whom worked in Kern County. All of the permits were obtained from Kern County and all of the potential investors went to Kern County or nearby Ventura County to view the drilling sites, both of which counties are in California. A large percentage of the investors are from various places in California, a number are various other locations throughout the rest of the USA and a few are from overseas. There are only two investors from the East Coast.

There are no events alleged in the complaint that have anything to do with the

1 State of Delaware. It is requested that the Court take judicial notice of the fact that
2 Delaware is approximately 2,500 miles away from the location of the events which form
3 a basis of this complaint in this action.

4 III.    ARGUMENT

5     A.    GENERAL RULES REGARDING VENUE IN CONTRACT ACTIONS

6     Title 28, Section 1404 of the United States Code provides in relevant part:
7     (a) For the convenience of parties and witnesses, in the interest of justice,
8     a district court may transfer any civil action to any other district or division
9     where it might have been brought 28 U.S. Code § 1404.
10     28 U.S.C. § 1412 permits a court to transfer venue of a case properly
11     before it "in the interest of justice or for the convenience of the parties."
12     *In re Hechinger Inv. Co. of Delaware, Inc.* (296 BR 323 – Bankr. Court, D.
13     Delaware, 2003), p. 325.
14     The decision of whether venue should be transferred lies within the sound
15     discretion of the Court, though the moving party must demonstrate by a
16     preponderance of the evidence that such change is warranted. See
17     Larami Ltd. v. Yes! Entm't Corp., 244 B.R. 56, 61 (D.N.J.2000). *Id.*
18     "A determination of whether to transfer venue under § 1412 turns on the
19     same issues as a determination under § 1404(a) which permits a court to
20     transfer a civil action `[f]or the convenience of the parties and the
21     witnesses [or] in the interest of justice.'" In re Centennial Coal, Inc., 282
22     B.R. 140, 144 (Bankr.D.Del.2002) quoting 28 U.S.C. § 1404(a) (emphasis
23     in original). *Id.*
24     In addition to the factors set forth in the statutes, the Third Circuit has set
25     forth several additional factors to be considered in ruling upon a motion to
26     transfer venue pursuant to §§ 1404(a) or 1412:(1) plaintiff's choice of
27

forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the [page 326] judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir.1995). I find that these factors weigh against transferring venue from this Court to the Houston Division. *In re Hechinger Inv. Co. of Delaware, Inc.* (296 BR 323 – Bankr. Court, D. Delaware, 2003) pp. 325-236.

The facts relating to the relevant factors enumerated above are set forth below.

B.     VENUE IS PROPER IN THE U.S. BANKRUPTCY COURT IN NORTHERN CALIFORNIA.

    1.     The Preference of the Parties for Forum.

While it appears that Plaintiffs prefer the present forum, Defendant prefers the U.S. Bankruptcy Court in Northern California, in part for the reasons set for below.

    2.     The Claims Arose in California, All of the Evidence Is in California and California Law Applies to These Claims.

Everything took place in California. Any communications made by Defendant were made from his office in California. All prospective investors traveled to California

to view potential drilling sites. All conduct that related to any alleged improper conduct happened in California. Nothing took place in Delaware.

A review of the complaint indicates that 4 out of the 5 claims are made pursuant to California law. The First Claim is pursuant to Corporations Code § 25210, the Second Claim is pursuant to the California Unfair Competition Law, the Fourth Claim is a breach of contract pursuant to California law and the Fifth Claim appears to be to collect on a loan pursuant to California law.

Only the Third Claim relates to Bankruptcy law and it is only for $660,000, which is about 2% of the total amount demanded in the complaint and is de minimis at best.

Tri-Valley and Opus I conducted all business operations in California. Any records are in California, any premises to be viewed, including wells, are in California and any records of any of the employees are in California. Nothing is in Delaware.

      3.      Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition.

Defendant is suffering from poor health and the advice of his physician is that he not travel for the next few months. This will be re-evaluated in a few months and the prohibition against travel may be extended indefinitely. In addition, the events underlying the allegations in the complaint have greatly affected Defendant's financial situation, making it a hardship to attend a trial 2,500 miles away from his home and from where all of the events took place.

      4.      Convenience of Witnesses and Other Practical Considerations.

With respect to this Court, there is nothing about a trial in Delaware that would make the trial easy, expeditious, or inexpensive. It is apparent that a trial on the East Coast of the United States likely would be the most difficult, cumbersome and expensive way of conducting a trial in this case.

Perhaps the most significant reason to change venue to California is that the

Delaware court may not have the power to issue subpoenas to compel the attendance at trial in Delaware of all of the potential witnesses who are in California. The lack of ability to compel the attendance at trial of the significant witnesses to support the defense of Defendant prejudices Defendant's right to a fair trial. Nine out of ten of the top ten investors are in California or have a residence in California. The CEOs of Tri-Valley, CFO and the Chairman of Board are all in California.

It is far more convenient for all of the witnesses to be available for trial in California than 2,500 miles away in Delaware. It is far more convenient to coordinate schedules and arrange for availability of witnesses within California than at some location 2,500 miles away from most of everything that relates to this case.

In addition, there likely will be cross-complaints filed and other parties brought into the action, almost all of whom are in California. Furthermore, any other parties and witnesses from California, including Defendant, would want to hire California counsel, because of the familiarity of the facts and circumstances and the familiarity with California law. A trial in Delaware would require great and unnecessary expense to these counsel to travel to and to spend considerable time in Delaware to attend trial, including travel costs, hotels and meals and other incidentals.

In addition, few, if any, California lawyers are licensed to practise in Delaware. A trial in Delaware would require Defendant and other parties to hire Delaware counsel, which would be an unfair financial burden to Defendant and to such parties. Defendant should not be required to try to locate and hire some unknown counsel who is 2,500 miles away in an unfamiliar state.

There is not one practical consideration which suggests that this matter remain in Delaware.

5. Enforceability of the Judgment.

Any judgment obtained against Defendant would be enforced against him in

1 California.

2       6.    Familiarity of the Judge with the Applicable State Law.

3 It is somewhat axiomatic that a California Judge is more familiar with California
4 law than a Delaware Judge. Four of the five claims in the complaint are pursuant to
5 California law. The Third Claim, made pursuant to Federal Bankruptcy Code, is of no
6 consequence, in part because we can expect a Bankruptcy Judge in either State to be
7 equally familiar with Bankruptcy law and because the Third Claim is de minimis.

8       7.    Local Interest in Deciding Local Controversies at Home.

9 California has an interest in having claims under California law decided in
10 California. Delaware has no such interest at all.

11 IV.    CONCLUSION

12 There is not one significant reason for having this case tried 2,500 miles away
13 from the State where the events took place. For the reasons set forth above, this
14 Court should grant this motion and transfer this case to the Federal Bankruptcy Court in
15 Northern California, San Francisco Division.

16 Dated: 8 September 2014

17                            Respectfully Submitted,

18                            Behrooz Sarafraz

19

20                        _____
                           Defendant in Propria Persona

21

22

23

24

25

26

27

## DECLARATION OF BEHROOZ SARAFRAZ
## IN SUPPORT OF MOTION FOR CHANGE OF VENUE

I, Behrooz Sarafraz, declare and if sworn as a witness would testify competently as follows:

5. I am a Defendant in the herein matter and have personal knowledge of the facts which follow.

6. I live in Northern California. I have no connection with the State of Delaware. It would be a grave inconvenience for me to be forced to attend trial or any other event in the State of Delaware.

7. In addition, my treating physician has advised me not to engage in travel for at least the next few months due to health considerations. He will re-evaluate my condition in a few months and he may extend that for a longer period of time. If necessary, I can obtain a letter from my physician so advising me. I prefer U.S. Bankruptcy Court in Northern California, and I request that the court transfer this case to the San Francisco Division of the U.S. Bankruptcy Court in Northern California. Even if my physician should determine that it is not a risk to my health to travel, the events underlying the allegations in this complaint have caused me financial hardship and thereby render it difficult for me to be forced to attend a trial in Delaware. Trial in this matter might be quite lengthy, depending upon the number of witnesses and additional parties.

8. All of the proposed drilling sites for Opus I and Tri-Valley were located in California, the offices of the companies are located in California. There were about 102 employees, all of whom were living in California during the relevant time frame as referenced in the complaint.

1   9.   Potential witnesses who are necessary for my defense include, but are
2        not limited to, the following:
3        a.   Lynn Blystone, CEO president until about 2010;
4        b.   Maston Cunningham, CEO and president after Mr. Blystone;
5        c.   Tom Gamble, Chairman of Board;
6        d.   John Durbin, CFO; and
7        e.   Joe Kandle, President of Tri-Valley Oil and Gas Co., a subsidiary of
8             Tri-Valley.
9   Each of these persons has residence in California, not Delaware.
10  10.  A significant number of the investors, all potential witnesses, are in
11       California.  Among the top investors are Tom Gamble, Dr. John and
12       Sandra Allen, Dennis and Jeanne Vaughan, Peter Marguglio, Dr. Pauline
13       Demetrakopoulos, Constantine Mueller, the Representatives of Baker
14       Taniguchi, Mr. and Mrs. Jack Cutter, Bob Miller and Behrooz Sarafraz.
15       Each of these persons maintains a residence in California.  As far as I
16       know, not one of these persons has any connection to the State of
17       Delaware.  All engineers and geologists are from California.
18  11.  Of all of the investors, only two are from the East Coast, one in New York
19       and one in Florida.  The vast majority of the fifty (50) persons who
20       earned finder's fees are in California.
21  12.  It appears as though I will need to include a number of other parties to
22       protect my rights in this matter.  So far, all of the other parties who might
23       be included are located in California.  I believe that it would be contrary to
24       the interests of justice to force all of us to try in the State of Delaware a
25       case which is based completely in the State of California.
26
27

MOTION FOR CHANGE OF VENUE


PAGE 10

1  I declare under the penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct to the best of my knowledge and belief.
3  Executed this 10 September 2014.

4
5  _____
   Behrooz Sarafraz

PROOF OF SERVICE BY MAIL

Re: *Tri-Valley Corporation, et al., v. Sarafraz*, Case Nos. 12-12291, 12-12294 and Adv. Pro. No. 14-50403.

I hereby certify that I am an adult individual, am not a party to the within action and that I have as an address 378 Sweeny Street, San Francisco, No. California 94134.

On the date set forth below I served MOTION FOR CHANGE OF VENUE by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in a United States postal office or box in the same county as the above address and addressed to the following:

William F. Taylor, Jr.
Kate R. Buck
405 N. King Street, 8th Floor
Wilmington, DE 19801


Mark E. Felger
Barry M. Klayman
1201 N. Market St., Ste. 1001
Wilmington, DE 19801

Executed this 15 September 2014

I declare under the penalty of perjury under the laws of the State of California that the foregoing is correct and true.


Steven Stuart